**Matter of Duggan (Kelly)**

2012 NY Slip Op 34006(U)

September 14, 2012

Surrogate's Court, New York County

Docket Number: File No. 2000-1147

Judge: Anderson, S.

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SURROGATE'S COURT : NEW YORK COUNTY
----------------------------------------X
Proceeding of GLORIA DUGGAN, as
Executor of the Estate of

    ROBERT E. KELLY,               File No. 2000-1147

         Deceased,

Seeking Turnover of Funds in the
Possession of Beerman & Deutch LLP,
as Stakeholder
----------------------------------------X

New York   Surrogate's Court
DATA ENTRY DEPT.

SEP 1 4 2012

A N D E R S O N, S .

    In an action transferred from the Supreme Court (New York County) as a matter related to the estate of Robert E. Kelly, the executor, Gloria Duggan, renews her motion for summary judgment on her claim against the stakeholder of funds allegedly belonging to the estate.

    Mr. Kelly died on March 12, 2000, survived by three children. Under his will, which was admitted to probate, decedent left $100,000 to each of his children and his residuary estate to Duggan.

    At the time of his death, decedent was the general partner of Andiero Partners L.P., a limited partnership that he established in 1978 for the purpose of investing in securities. After his death, the partnership sued Duggan, individually and as executor, in connection with a dispute over the proceeds of a life insurance policy on decedent's life. The partnership's action was transferred to this court (*Andiero Partners, L.P. v*

*Duggan*, Sup. Ct., NY County, Mar. 18, 2002, Kahn, J., Index No. 601227/01). Duggan then answered the complaint (in her fiduciary and individual capacities) and, as relevant for present purposes, interposed a counterclaim as executor, seeking from the partnership turnover of decedent's individual retirement account (IRA), worth approximately $173,000, and his pension funds, worth approximately $647,000, on the ground that the estate was the designated beneficiary of each. Why the retirement funds at issue were held by the partnership, as opposed to a separate trustee or custodian, is not clear from the record.

After several years of litigation, the dispute over the proceeds of the life insurance policy was settled and, pursuant to the settlement agreement, the retirement funds were transferred from the partnership to Beerman & Deutsch, LLP, the law firm that had represented the partnership during the litigation. The settlement agreement further provided for amendment of the executor's counterclaim to seek turnover of the IRA and pension funds from Beerman & Deutsch, as the new stakeholder, and that Beerman & Deutch would take the necessary steps to appear in the proceeding.

Per the settlement agreement, the executor amended her counterclaim to seek turnover of the IRA and pension funds from Beerman & Deutsch. However, by a series of missteps on the part

2

[* 2]

of both the executor and Beerman & Deutch, issue was not joined in the proceeding. The executor nonetheless moved for summary judgment on the amended counterclaim.

The court denied the executor's motion without prejudice to renew, finding jurisdiction lacking in two regards. First, the executor failed to obtain jurisdiction over Beerman & Deutch, the stakeholder. Second, although the executor filed documentation showing that, at decedent's death, his estate was the designated beneficiary of his IRA, she provided no such equivalent proof of a beneficiary designation for the pension plan. Accordingly, the court directed that the executor give notice of her claim concerning the pension funds to unknown potentially competing claimants by publication under SCPA 307 (*Matter of Kelly*, NYLJ, Aug. 9, 2010, at 18, col 4).

Thereafter, the executor completed jurisdiction as required by the decision. No one appeared on the return date of the citation except Beerman & Deutch. The instant motion by the executor renewing her summary judgment motion followed. The motion is unopposed.

It is well settled that summary judgment is available only where no material issues of fact exist *(see e.g. Alvarez v Prospect Hosp.*, 68 NY2d 320). The party seeking summary judgment "must make a prima facie showing of entitlement to

3

judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [citations omitted]). The "failure to make such a showing requires denial of the motion, regardless of the sufficiency of opposition papers" (*id.* [citations omitted]).

Here, movant has made a prima facie showing of entitlement to summary judgment with respect to both the IRA and the pension funds by offering sufficient evidence to demonstrate that decedent's estate was the designated beneficiary of his IRA and of the funds held for him under his pension plan. In the absence of any contrary documentation and in the absence of any opposition to the motion, summary judgment is granted.

Settle decree directing turnover of the funds at issue.

_____
S U R R O G A T E

Dated: September 14 , 2012

[* 4]